## THE PEOPLE v. JOHN DUNCAN.

*Criminal law—Examination of respondent—Jurisdiction of magistrate.*

1. A justice of the peace has no power to transfer the examination of a respondent, brought before him upon a warrant issued by him, to another justice of the peace, upon an affidavit that the first-named justice is a material witness for the respondent upon such examination.

2. Such attempted transfer does not oust the justice who issued the warrant of jurisdiction, or confer jurisdiction upon the other justice, and the prisoner should be taken before the first-named justice, who should proceed with the examination.

*Certiorari* to inquire into the right to detain the petitioner under a justice's commitment to await his trial for rape. Argued November 21, 1893. Examination ordered before the magistrate who issued the warrant, November 28, 1893.

The petitioner was arrested upon a warrant charging him with the crime of rape, and, on being brought before the justice of the peace who issued the warrant, made an affi-

davit that the justice was a material witness in his behalf. The justice transferred the complaint and warrant to another justice of the peace, before whom the petitioner was taken, and he proceeded with the examination, and held the petitioner for trial at the circuit, and, in default of bail, committed him to the county jail to await such trial.

*Farley & Aitkin,* for petitioner.

*W. A. Mills,* Prosecuting Attorney, for the people.

PER CURIAM. Where, upon an affidavit made by the accused that the examining magistrate is a material witness for the prisoner, he is taken before another magistrate for examination by direction of the first magistrate, such action is illegal, and the justice who issued the warrant does not lose, nor does the other magistrate acquire, jurisdiction of the case; and the prisoner should be taken before the magistrate who issued the warrant, and he should proceed with the examination.